# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02616-MSK-MEH

MOLLY ELVIG, on behalf of herself and all others similarly situated,

    Plaintiffs,

    v.

NINTENDO OF AMERICA INC.,

    Defendant.

**STIPULATED PROTECTIVE ORDER**

    The parties to this action ("Parties" or "Party"), through their undersigned counsel of record, hereby stipulate and agree to entry of this Stipulated Protective Order ("Order") relating to documents and information that the Parties expect or intend to produce in this litigation. The Parties acknowledge that the documents and information that they intend to produce may contain sensitive information of a proprietary and confidential nature that could be subject to misuse if publicly available.

    The Parties desire to exchange this information for purposes of this action, but agree to maintain its confidentiality and not to distribute or otherwise communicate such information to any person outside of this lawsuit, except as permitted herein.

    The Parties, through their respective counsel of record, hereby stipulate to be bound by the following covenants in this litigation, pertaining to use of materials and information regarded as confidential.

1.     <u>Definitions</u>.  As used in this Order:

a.     "Document" and "Documents" mean any written, recorded or graphic matter, however produced, reproduced or stored, including without limitation matters recorded or stored electronically or in any form of data compilation or computer storage, which matters may be obtained or translated, if necessary, through physical computer, electronic or other retrieval devices.

b.     "Materials" means any testimony or transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED" under paragraph 3 below, and any brief, memorandum or other writing or document containing any excerpt or portion of a confidential document or transcript.

c.     "Counsel" means attorneys working on this action on behalf of any Party, including in-house attorneys and all paralegals, clerical and other support or office staff working under the direct supervision of such attorneys, but no other current or former employees of any Party.

d.     "Court" means the United States District Court for District of Colorado, its staff and Court personnel who are administrating this matter.

2. <u>Use and Production of Documents</u>.

All Documents and Materials produced by a Party and designated by the Party as "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED" under paragraph 3 ("Confidential Information") shall be used solely for the prosecution and/or defense of this action by the Parties, and may not be used for any commercial, marketing or other purpose by any Party or nonparty except as stated in paragraph 6 below.  Confidential Information, and the contents thereof, shall not be disclosed to any other person except as provided in this Order.

3. <u>Designation of Confidential Documents</u>.

a. A Party may designate Documents or Materials produced or to be produced in this action by it, or by a third party, as "CONFIDENTIAL" where the Party believes in good faith that such Documents or Materials contain confidential, commercial or proprietary information, including trade secret or sensitive internal information.  A Party may designate Documents or Materials produced or to be produced in this action by it, or by a third party, as "CONFIDENTIAL RESTRICTED" where the Party believes in good faith that such Documents or Material contain highly-sensitive proprietary, financial or trade secret information that would cause severe competitive damage if it were to be disclosed to another party or revealed publicly. A Party may designate Documents produced by it as "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED" by marking or stamping each Document in an appropriate place with the word "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED" and/or by attaching a cover sheet to the Documents, which shall contain the following or similar language:

> CONFIDENTIAL (or CONFIDENTIAL-RESTRICTED)
> SUBJECT TO PROTECTIVE ORDER
>
> This document may not be seen or distributed, and the information in this document may not be disclosed, except as provided by the Protective Order entered by the Court in <u>Elvig v. Nintendo of America, Inc., Case No. 1:08-cv-02616-MSK-MEH</u>.

b. A Party may designate as "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED" any Documents produced by any third party by providing written notice to Counsel for all Parties of the source and identity of the confidential Documents. Upon receiving such notification, the designated documents shall be treated in the same manner as Confidential Information produced by a Party.

c. The parties have agreed that RCFs with certain customer information redacted as produced in the case of *Leonard et al v. Nintendo of America, Inc.* C06-1743RAJ Western District of Washington are not confidential under the protective order entered in that case and that NOA will not designate RCFs with certain customer information redacted that are produced in this case as Confidential or Confidential Restricted under this Order.

4. Confidential Depositions and Testimony. Depositions in this matter that include Confidential Information in the testimony or as exhibits, shall bear the legend, "Contains CONFIDENTIAL (or CONFIDENTIAL-RESTRICTED) Materials – Access Limited Pursuant To Protective Order." Designation of portions of deposition transcripts or deposition exhibits containing Confidential Information shall be made by a statement to such effect on the record in the course of the deposition or within seven (7) days of receipt of such transcript. Transcripts or portions of transcripts designated "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED" shall be separately bound. The reporter may distribute confidential transcripts only to the deponent for the purpose of making additions or corrections to the transcript and to Counsel for Parties. To the extent that a court reporter requires additional and separately itemized fees for processing transcripts pursuant to this procedure, those separately incurred fees shall be borne by the designating party, although the parties shall make reasonable efforts to retain court reporters

who do not charge such separate fees. After making additions or corrections to the transcript, the deponent shall immediately return the transcript and exhibits to the reporter. A deponent may not retain a copy of any Confidential Information attached to his or her deposition transcript. A deponent may retain a copy of the deposition transcript, but only as provided in Paragraph 10 of this Stipulated Protective Order.

5. <u>Briefs and Written Materials</u>. Where briefs, memoranda or other writings prepared in this litigation contain excerpts or portions of Confidential Information, the confidential matter shall be subject to this Order, and the briefs, memoranda and other writings shall be marked or stamped "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED" in an appropriate place and shall be treated as Confidential Information subject to this Order (*see also* ¶¶ 9 and 10).

6. <u>Access Restrictions</u>.

a. Information designated "CONFIDENTIAL" produced during this litigation <u>shall not be disclosed to any person except</u>:

i. Counsel for any Party, including in-house counsel employed by Defendant working on this litigation, and including legal assistants, associates, paralegal, clerical and other support staff or services, as well as stenographic reporters engaged in proceedings incident to the preparation for trial or the trial of this matter;

ii. Experts and/or other professionals retained by Counsel for any Party for consulting or trial preparation purposes with disclosure only to the extent necessary to perform such work. Prior to such review, the expert or other professional shall execute the Certificate of Knowledge of and Compliance with Stipulated Protective Order attached as Exhibit A to this Protective Order.

    iii.    The person who prepared or directly participated in the preparation of a particular Document, except that such person may only be shown copies of Documents or Material designated CONFIDENTIAL for the purposes of testimony, may not retain such Documents or Materials, and may not disclose the contents of such Documents or Materials;

    iv.    The person to whom a particular Document or copies thereof were addressed or delivered, except that such person may only be shown copies of Documents or Material designated CONFIDENTIAL for the purposes of testimony, may not retain such Documents or Materials, and may not disclose the contents of such Documents or Materials;

    v.    Witnesses in the case from whom testimony is taken whose testimony involves or relates to such Confidential Information, except that such person may only be shown copies of Documents or Material designated CONFIDENTIAL for the purposes of testimony, may not retain such Documents or Materials, and may not disclose the contents of such Documents or Materials;

    vi.    Any other person with the prior written consent of the designating Party;

    vii.    Named plaintiffs may be shown copies of Material designated CONFIDENTIAL for purposes of review with counsel, but shall destroy and not retain any CONFIDENTIAL Material after such review. Prior to such review the named plaintiff shall execute the Certification of Knowledge of and Compliance with Stipulated Protective Order attached as Exhibit A to this Protective Order and shall provide same to counsel for the designating party prior to being shown any CONFIDENTIAL Material;

    viii.    Potential witnesses who after (1) a reasonable and good faith investigation, counsel concludes there is a basis to believe that the witness' testimony may be

necessary for preparation of that party's claims or defenses, and (2) the potential witness has been instructed by counsel as to the requirements of this Protective Order and counsel has a reasonable and good faith belief that the potential witness understands and will abide by this Protective Order; may be shown Material designated CONFIDENTIAL for purposes of review with counsel, but shall destroy and not retain any CONFIDENTIAL Material after such review. Prior to such review the potential witness shall execute the Certification of Knowledge of and Compliance with Stipulated Protective Order attached as Exhibit A to this Protective Order.

     ix.     The Court, its staff and Court personnel who are administrating this matter.

     b.     Information designated CONFIDENTIAL - RESTRICTED produced during this litigation shall be subject to the same protections as provided for information designated CONFIDENTIAL as set forth in subsection a. above, except that, in addition, CONFIDENTIAL – RESTRICTED information may only be shown to or used by persons described in ii. above who have been designated in writing to all counsel of record in this case, including counsel for the designating Party; and may not be shown to or used by persons within the categories described in iii. through vii. above without prior notice to the designating Party under circumstances allowing the designating Party to obtain adequate protection with respect to CONFIDENTIAL–RESTRICTED information either by agreement or by application to the Court.  In the event the proper designation or notice is given pursuant to this provision and no objection or other protective action is taken by the designating Party within 10 days of such designation or notice, the right to make such objection shall be waived unless new material information or circumstances not available to the designating Party at the time of the original designation or notice can be shown.

         c.         Prior to disclosure of any Confidential Information, any person included under paragraph 6(a)(i)–(viii) shall agree in writing to comply with this Order by executing a Certification of Knowledge of and Compliance with Stipulated Protective Order indicating that he or she has received and reviewed this Order, and agrees to be bound by its terms. The agreement shall be in the form attached as <u>Exhibit A</u>, which shall be maintained by the appropriate counsel of record. If such person refuses to be bound by the terms of this Order, that person may not view Confidential Information.

7. <u>Custody and Copying Restrictions</u>.

a. All Confidential Information subject to this Order and all copies and excerpts thereof, shall at all times remain within the physical premises of the offices of Counsel for the Parties except where Confidential Information is filed with the Court, or is taken to a deposition or proceeding for use during that deposition or proceeding, or used in connection with any legitimate purpose provided for by this Order. Any Confidential Information subject to this Order provided to persons described in paragraph 6(a)(ii) above, shall be maintained only at the offices of such persons and only working copies shall be made of any such documents. Copies of documents produced under this Protective Order may be made, or exhibits prepared by independent copy services, printers or illustrators for the purpose of this litigation provided such services execute a Certification of Knowledge and Compliance with Stipulated Protective Order in the form attached as <u>Exhibit A</u>. In all such cases, an attorney or outside counsel shall be responsible for ensuring that appropriate safeguards are taken to protect the Confidential Information, including its immediate return to Counsel's office at the end of such rightful use hereunder.

b. This Order does not preclude a Party from retaining custody of its own Confidential Information when not commingled with Confidential Information of other persons or Parties. In addition, the Order does not preclude a Party from using or disclosing its own Confidential Information for any purpose even if copies of such Confidential Information are marked "Confidential" pursuant to this Order.

c. Copies of Confidential Information may only be created by Counsel and only to the extent necessary to assist in the conduct of this litigation. All such copies are subject to this Order.

8.     Objection To Confidential Designation.  Whenever a Party objects to the designation of a Document or Material as "CONFIDENTIAL," or "CONFIDENTIAL-RESTRICTED," he or she may request the designating Party to remove the confidential designation.  The objecting Party shall notify the designating party of the objection to the designation in writing, identifying by Bates-number or other means the Document(s) or Material(s) to which that Party objects.  Within ten (10) days of the notice of such objection, the objecting Party and the designating Party shall conduct a meet and confer in an attempt to resolve the dispute regarding the designation.  If the Parties are unable to resolve their dispute via the meet-and-confer, within seven (7) business days of the meet-and-confer, the designating Party shall either: (a) withdraw the designation with respect to the challenged Document(s) or Material(s), or (b) file a Motion for Protective Order pursuant to this Order, seeking to retain the "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED" designation applied to the challenged material.  The schedule for consideration of the Motion, and the rules regarding any opposition or reply thereto, shall be as set forth in D.C.COLO.LCivR 7.1(C).  Until and unless the Court enters an order changing the designation, however, the Document or Material shall continue to be subject to this Order.  The burden of establishing entitlement to the "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED" designation shall be upon the designating Party.

9.     Court Filings.  In the event that any Party in this Litigation decides to file with, or submit to, the Court any documents or written discovery responses designated "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED," that Party shall confer with the designating party no later than 48 hours before said filing and advise of that intent.  In all such circumstances, the Party desiring to file the document or written discovery designated

"CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED" shall agree to the filing, pursuant to D.C.COLO.LCivR 7.1 and 7.2, of an "Unopposed Motion Seeking to File Confidential Information under Seal." The Party who designated the documents as "CONFIDENTIAL" or CONFIDENTIAL RESTRICTED" shall bear the burden of drafting and coordinating the filing of any such motion. The Party seeking to file the Confidential Information (in whatever form) shall comply with D.C.COLO.LCivR 7.2 and 7.3 and file the Confidential Information under seal until the Motion to Seal is decided by the Court.

10.  Court Proceedings. In the event any Confidential Information designated "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED," is used in any public court proceedings in the litigation, the Court shall solely and exclusively govern its use in open court. If the disclosing Party seeks to protect against open court dissemination of such information, the disclosing Party shall move the Court for protection pursuant to D.C.COLO.LCivR 7.2 and 7.3. All Parties in possession of the Confidential Information shall work cooperatively with the disclosing Party to take all steps necessary to assist in maintaining the confidentiality designation.

11.  Termination of Action. This Order shall not terminate at the conclusion of this action but shall remain in full force and effect thereafter for purposes of preventing or responding to actual or potential violations of its terms.

Upon completion of this action, all Confidential Information produced in this litigation, including all copies, summaries or compilations thereof, shall be returned to the producing party, to the attention of Counsel for that party or destroyed. If a party elects to destroy material designated "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED," counsel for the destroying party shall send a letter to counsel for the designating party within five (5) days of the destruction of the "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED" Materials, certifying that the

destruction of those materials has taken place. A deponent may retain a copy of his or her own deposition transcript except where portions of the transcript have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED." No deponent in this action will be permitted to retain a copy of that portion of the deposition that may have been designated "CONFIDENTIAL" or "CONFIDENTIAL-RESTRICTED."

12. <u>Third-Party Discovery Demand</u>. If a person or entity in any proceeding other than this action serves on a Party hereto a discovery demand (*e.g.*, subpoena duces tecum or document request) for Confidential Information, the recipient of the demand shall immediately notify the applicable producing (or otherwise designating) Party and shall notify the requesting party that such materials are covered by this Order. If any producing or designating Party objects to the disclosure of its Confidential Information, then within ten (10) days of receiving such notice, but at least two (2) business days prior to the date for compliance under the demand, the objecting Party shall advise the subpoenaed Party of its objection to disclosure. If timely notice is not received from the producing Party, then the subpoenaed Party shall be free to make the disclosure. If timely objection is made, then the objecting Party shall have the burden of moving or responding to any appropriate demands for relief and will hold the subpoenaed Party harmless for any costs or fees incurred as a result of this provision. In such cases, the subpoenaed Party shall not make any disclosure until directed otherwise by the applicable court or other valid order, and nothing herein shall require any Party to violate the terms of the facially valid order.

13. <u>Additional Relief</u>. Nothing in this Order shall preclude a Party from applying to the Court for additional or different protective provisions with respect to specific documents,

materials or information or in respect to specific discovery requests in this action, as the need should arise.

14. <u>No Admission or Waiver</u>.  This Order is entered into solely for the purpose of facilitating the exchange of documents and information between the Parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information, thing, material or document under the terms of this Order shall be deemed to have the effect of an admission or waiver by a Party or of altering the confidentiality or non-confidentiality of any such document or information or of altering any existing obligation of any Party in the absence thereof.

APPROVED:

| *s/ Robert B. Kleinman* | *s/ Leonard H. MacPhee* |
|---|---|
| Robert B. Kleinman | Leonard H. MacPhee |
| Sutton Kleinman PLLC | Perkins Coie LLP |
| 710 West 14th Street, Suite A | 1899 Wynkoop Street, Suite 700 |
| Austin, TX  78701 | Denver, CO  80202 |
| Tel.:  512-276-5030; Fax:  512-355-4155 | Tel. (303) 291-2300; Fax (303) 291-2400 |
| Email:  rkleinman@suttonkleinman.com | Email:  lmacphee@perkinscoie.com |
| Attorney for Plaintiff | Attorney for Defendant |

Dated this 15th day of June, 2009, at Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

## Exhibit A

## Certification of Knowledge of and
## Compliance with Stipulated Protective Order

I certify my understanding that confidential discovery materials and the information contained therein will be provided to me pursuant to the terms and restrictions of the Stipulated Protective Order issued in *Elvig v. Nintendo of America, Inc.*, Case No. 08-cv-02616-MSK-MEH, and that I have been given a copy of and have read the Stipulated Protective Order and agree to be bound by it.  I will not disclose any discovery materials, any copies, any notes or other memoranda, or any other forms of information regarding or derived from those materials, including the contents of those documents, to any person except as permitted under the Stipulated Protective Order.  I will use such materials only for the purposes of the legal proceedings in *Elvig v. Nintendo of America, Inc.*, and I will return all copies of such materials to Counsel for the producing Party at the conclusion of these proceedings, pursuant to the Stipulated Protective Order.  I will not use or disclose any confidential information subject to the Stipulated Protective Order for any reason outside of the above-captioned lawsuit.

I also agree to be subject to the jurisdiction of the United States District Court for the District of Colorado for purposes of enforcing the Stipulated Protective Order, including contempt of court citation or other appropriate sanctions for any violation thereof.

DATED: _____

_____
(Signature)

_____
(Print Name)