IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02616-MSK-MEH

MOLLY ELVIG,
MICHAEL HAMILTON,
BRIAN KATZ, on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

NINTENDO OF AMERICA, INC.,

      Defendant.

## ORDER ON MOTION TO COMPEL DISCLOSURE

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiffs' Motion to Compel Disclosure [filed July 18, 2009; docket #53]. The motion is briefed and has been referred to this Court. Oral argument would not materially assist the Court in adjudicating the motion. For the reasons stated below, the Court **denies** Plaintiffs' motion.

Plaintiffs, on behalf of themselves and others similarly situated, allege that they have suffered damages resulting from an alleged defective wrist strap attached to a remote that functions with the Wii game system sold by Defendant Nintendo of America (NOA). Plaintiffs bring claims for violations of the Washington Consumer Protection Act, for Strict Products Liability and Negligence.

In the current dispute, Plaintiffs raise issues with three Requests for Production of Documents proffered by them in this litigation. Defendants responded to two of the requests asserting privilege objections and, subsequent to the filing of the within motion, provided the

Plaintiffs a Privilege Log (and an Amended Privilege Log) in support of their assertions.[1] The remaining issues according to the Plaintiffs, then, are whether Defendant has fully responded to Request for Production (RFP) No. 5 and whether it has produced all customer complaints/RCFs in its possession for January 2009. *See* docket #65 at 1.

RFP No. 5 asks for "all documents, including emails, either authored by or received by, or between, Tatsumi Kimishima [NOA's CEO] and/or Reggie Fils-Aime [NOA's President] and/or Don James [NOA's Executive Vice President] pertaining to the issue of Wii straps failing or breaking." Docket #53 at 2.

According to Defendant, it has searched for documents responsive to RFP No. 5, but has found none. Defendant contends that between November 19, 2006, the date the Wii system was launched, and December 6, 2006, the date a putative class action was filed regarding faulty Wii remote straps, NOA's legal department took the lead in responding to customer complaints. At the filing of the class action, a litigation hold was placed on all documents and the litigation department took over management of the "wrist strap issue." Thus, according to Defendant, it is not unreasonable to find no documents authored or received by NOA's top executives regarding the wrist strap issue.

Plaintiffs contend that Defendant's search was insufficient, since there is no evidence that Defendant asked Mr. Kimishima, Mr. Fils-Aime and Mr. James directly whether they authored or received any documents responsive to RFP No. 5. Rather, according to an affidavit proffered by Defendant, NOA's corporate counsel conducted the search with the assistance of the executives' administrative assistants attesting that the assistants would be best able to search for and locate any such responsive documents. *See* docket #62-2. The Court finds that, despite Plaintiffs' assertions

---

[1] The Privilege Log and Amended Privilege Log are subjects of a second Motion to Compel filed by the Plaintiffs that is currently pending before this Court and awaiting full briefing.

to the contrary, Defendant's search for documents responsive to RFP No. 5 was sufficient and that, if Plaintiffs wish to question each executive directly whether they have authored or received communications regarding the Wii wrist strap (to the extent that have not already done so), they may do so through written discovery or depositions. The Court declines Plaintiffs' invitation (made without legal support) to order a neutral third-party to conduct a search for documents responsive to RFP No. 5.

Plaintiffs also ask the Court to compel disclosure of all customer complaints, characterized by NOA as Routed Consumer Feedback (RCF) reports, for the month of January 2009. Plaintiffs argue that Defendant could not have produced all such RCFs, since the Plaintiffs received only three RCFs for that month (as opposed to a larger number in other months). Plaintiffs' only remaining argument in its reply brief is that Defendant has improperly characterized one RCF as three separate reports, thus "bolstering" Defendant's numbers for January 2009. Notably, Plaintiffs do not claim that they never received copies of the reports.

The numbers provided by both Plaintiffs and Defendant, as listed in table of Total RCFs (docket #62 at 4), reflect that the parties agree that three new RCFs were generated by Defendant in January 2009. Defendant asserts that these three new RCFs, plus three supplemented reports, constitute the total number of RCFs for the month. *See* docket # 62 at 5; *see also* docket #62-2. Since the Plaintiffs are not claiming that they never received copies of these reports, the Court finds there is nothing to compel in this respect.

Accordingly, Plaintiffs' Motion to Compel Disclosure [filed July 18, 2009; docket #53] is **DENIED**. All requests for attorney's fees are also denied.

Dated at Denver, Colorado, this 28th day of August, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge