IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02616-MSK-MEH

MOLLY ELVIG,
MICHAEL HAMILTON,
BRIAN KATZ, on behalf of themselves and all others similarly situated,

    Plaintiffs,

v.

NINTENDO OF AMERICA, INC.,

    Defendant.

## ORDER ON MOTION TO COMPEL PRODUCTION

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Plaintiffs' Motion to Compel Production of Documents Improperly Withheld [filed August 17, 2009; docket #63]. The motion is briefed and has been referred to this Court. Oral argument would not materially assist the Court in adjudicating the motion. For the reasons stated below, the Court **denies** Plaintiffs' motion.

Plaintiffs, on behalf of themselves and others similarly situated, assert that they have suffered damages resulting from an alleged defective wrist strap attached to a remote that functions with the Wii game system sold by Defendant Nintendo of America (NOA). Plaintiffs bring claims for violations of the Washington Consumer Protection Act, for Strict Products Liability and for Negligence.

In the current dispute, Plaintiffs raise issues with an Amended Privilege Log submitted by Defendant on August 6, 2009.[1] The log contains references to twelve email strings involving what

---

[1] Apparently, Defendant submitted an original privilege log on July 20, 2009, then revised the log after Plaintiffs objected that the original did not contain specific information.

appear to be attorneys and Nintendo employees, and asserts that the emails are protected by both the attorney-client and work product privileges. *See* docket #63-3. Specifically, Plaintiffs contend that Defendant has not met its burden of proving its privilege assertions by failing to describe adequately the privileged documents, by failing to establish that the documents were prepared at the advice of counsel, by failing to establish that the NCL General Affairs Group is a "legal" department, by failing to substantiate that the email authors or recipients are legal personnel, by failing to establish the communications were made in confidence, and by failing to establish that the email recipients are sufficiently identified with the corporation. Plaintiffs request an order requiring Defendant to produce portions of email strings #1, #2, #3, #4, #5, #10, and #12 and all of email string #11.

Defendant responds that Plaintiffs wrongly suggest that the "client" for purposes of the attorney-client privilege must be a lawyer, incorrectly assume that employees of the parent company and affiliates of Defendant who were copied on the challenged emails defeat or constitute a waiver of privilege or work product, even though the subject was within the scope of their employment, incorrectly attempt to shift the burden of proving a waiver to Defendant, invoke an incorrect standard of specificity required for a privilege log, and improperly seek full production although such remedy is inconsistent with the issues raised in the motion. Defendant provides a Declaration of Richard Medway (a sender and recipient of some of the challenged emails), Director of Litigation at Nintendo of America, identifying the employees involved in the email exchange and describing the circumstances underlying the exchange.

Plaintiffs reply that the affidavit provided by Mr. Medway does not contain information explaining whether he undertook due diligence to obtain the facts asserted therein, nor does it explain how Mr. Medway came to know these facts or why the privilege extends to the named individuals.

Defendant is correct that, in diversity jurisdiction cases such as this one, state law controls the issues of privilege raised by the parties. *See* Fed. R. Evid. 501 (2008); *see also Trammel v. United States*, 445 U.S. 40, 47 n.8 (1980). While the Tenth Circuit has held, in conjunction with Fed. R. Evid. 501, that "state law supplies the rule of decision on privilege in diversity cases," it has not specifically identified which state law applies. *See Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 699 (10th Cir. 1998); *see also Wylie v. Marley Co.*, 891 F.2d 1463, 1471 (10th Cir. 1989). In *Frontier*, a case brought before the District of Wyoming, the court, without addressing the question, simply concluded that Wyoming law applied to the privilege issues since, apparently, Wyoming law was applied at trial to resolve the claims of product liability, misrepresentation and negligence. *See Frontier*, 136 F.3d at 699. Colorado courts interpreting Fed. R. Evid. 501 imply that the state law to apply is that which will likely supply the rule by which the case will be resolved. *See, e.g., Shriver v. Baskin-Robbins Ice Cream Co., Inc.*, 145 F.R.D. 112, 114 n. 1 (D. Colo. 1992).

Here, the Plaintiffs do not argue which state's law applies,[2] but Defendant contends in substantive motions currently pending before Judge Krieger that the claims raised in this action are governed by the law of each Plaintiff's home state (Colorado, California and Florida). While this Court may apply the law of each state to the issues raised in this within motion, it may also choose to apply the law of the state in which it sits. *See Frontier*, 136 F.3d at 699. In the interests of judicial economy and because neither party objects, the Court will apply Colorado law to the issues (as appropriate) raised herein.

---

[2] In fact, Plaintiffs cite to several cases involving federal question jurisdiction in which the courts appropriately apply federal law to privilege questions. *See, e.g., In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447 (6th Cir. 1983); *XYZ Corp. v. United States*, 348 F.3d 16 (1st Cir. 2003); *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir. 1982); *United States v. Evans*, 113 F.3d 1457 (7th Cir. 1997).

First, Plaintiffs contend that Defendant has not adequately described the withheld documents. The Court disagrees. In providing a privilege log, the party must describe the documents sufficiently "to enable the parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii) (2009). As set forth in the August 6, 2009 Privilege Log, the documents are identified by date and time, type, author, recipient, description of the email's subject and the type of privilege asserted. Moreover, through this briefing, Defendant has provided additional information as to the email exchanges set forth in the log, which the Court finds sufficient to satisfy Rule 26(b)(5).

Likewise, the Court disagrees that Defendant has failed to establish that the documents were made in confidence or involved legal advice. As described on both the privilege log and in the briefing, most of the challenged documents were made for or in anticipation of litigation following the December 6, 2006 filing of a class action in Washington involving the same or similar allegations. The Defendant attests that the lone email string dated before the filing of the class action was created in anticipation of litigation, since the company had begun receiving complaints regarding the wrist strap soon after the game's launch.

Finally, the Court agrees with Defendant that all recipients or persons copied on the emails need not be attorneys for the privileges to apply. The Defendant has sufficiently explained that the emails were created for the purpose of seeking legal advice on issues involved, or anticipated to be involved, in litigation. The challenged emails all involve legal counsel (either as author or recipient) and Nintendo personnel described by the Defendant as employed by Defendant or its affiliates. *See People v. Trujillo*, 144 P.3d 539, 542 (Colo. 2006) (citing *People v. Madera,* 112 P.3d 688, 690 (Colo. 2005)) ("the attorney-client privilege applies to confidential matters communicated by or to the client in the course of obtaining counsel, advice, or direction with respect to the client's rights

4

or obligations"). The Plaintiffs have failed to persuade the Court that the privileges do not apply or have been waived by disclosure to "third parties." *See Wesp v. Everson,* 33 P.3d 191, 198 (Colo. 2001) (the burden of establishing a waiver or an exception lies with the party seeking to overcome the privilege).

The final issue with which the Plaintiffs take exception is the declaration submitted by Mr. Medway, Defendant's in-house legal counsel. Plaintiffs contend that Mr. Medway failed to explain within the declaration how he knows that the email exchanges described in the privilege log were essential to the recipients' duties or why a privilege extends to the recipients.[3] A person making a declaration in the United States pursuant to 28 U.S.C. § 1746 need only "declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2) (2009). Taking into consideration the unrebutted fact that Mr. Medway is an attorney working directly for Defendant, and that Mr. Medway likely would have knowledge of the identities and job duties of Nintendo employees with whom he is sharing confidential communications, the Court finds Plaintiffs' objections to the declaration, without more, to be meritless.

Accordingly, Plaintiffs' Motion to Compel Production of Documents Improperly Withheld [filed August 17, 2009; docket #63] is **DENIED**. In addition, because the Court finds that some information necessary to satisfy Fed. R. Civ. P. 26(b)(5)(A) came from briefing the motion in this matter, Defendant's request for attorney's fees is denied.

Dated at Denver, Colorado, this 22nd day of September, 2009.

BY THE COURT:

Michael E. Hegarty

---

[3] A legal explanation by Mr. Medway as to why a privilege extends to the email recipients would not be a proper subject of a declaration or affidavit, since a declaration must set forth facts and not conclusory statements.

Michael E. Hegarty
United States Magistrate Judge